```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
HECTOR RODRIGUEZ,

                    Movant,              MEMORANDUM AND ORDER

          - against -                    15-cv-3944 (NRB)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------X
UNITED STATES OF AMERICA,

          - against -                    14-cr-21 (NRB)

HECTOR RODRIGUEZ a/k/a TONY a/k/a
COMPA a/k/a RAMON ANTONIA PERALTA-
VALDEZ,

                    Defendant.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Ramon Peralta-Valdez[1] was convicted of conspiracy to distribute at least 100 grams of heroin, and was sentenced to the mandatory minimum of 60 months' imprisonment. We deny his motion to vacate his sentence (ECF No. 16) and his motion for resentencing (ECF No. 20) for the reasons stated below.[2]

## BACKGROUND

In 2014, a grand jury indicted defendant Peralta-Valdez for conspiracy to distribute at least one kilogram of heroin. See

---

[1] Peralta-Valdez informed us at his change-of-plea hearing that he prefers to be known by this name. We adopt his stated preference.
[2] Except where noted, docket citations refer to the criminal case.

1

Indictment, Jan. 13, 2014, ECF No. 2; 21 U.S.C. §§ 841(a)(1), 846 (2012). This charge carried a mandatory minimum prison sentence of 10 years and a maximum sentence of life.[3] See § 841(b)(1)(A)(i).

Following discovery and negotiations between Peralta-Valdez's experienced CJA counsel and the Government, the Government agreed to accept a guilty plea to the lesser-included offense of conspiracy to distribute at least 100 grams of heroin, a charge that carried a mandatory minimum sentence of only 5 years and a maximum sentence of only 40 years.[4] See § 841(b)(1)(B)(i). The Government also stipulated to a Guidelines range of 97 to 121 months, and further agreed that Peralta-Valdez should be sentenced based on a range of 78 to 97 months, in light of a forthcoming amendment to the Sentencing Guidelines. See Plea Tr. 11-12, Aug. 13, 2014. (Peralta-Valdez ultimately was not sentenced until after this amendment, Amendment 782, took effect, and we adopted 78-97 months as his Guidelines range.) In exchange, defendant agreed to plead guilty.

---

[3] Peralta-Valdez was ineligible for "safety valve" relief pursuant to 18 U.S.C. § 3553(f) because he had more than one criminal history point under the Guidelines. See § 3553(f)(1); Judg. in a Crim. Case 2, United States v. Peralta Valdez, 04 CR 10182 01 RGS (D. Mass. July 23, 2004), ECF No. 8 (sentence of three months following conviction of Peralta-Valdez for false statements in a passport application); U.S. Sentencing Guidelines Manual §§ 4A1.1(b), 4A1.2(e)(2) (U.S. Sentencing Comm'n 2014) (assigning two criminal history points for a sentence of at least sixty days imposed within ten years of the commencement of the instant offense).

[4] For the same reasons that applied to the 10-year minimum sentence for the original charge, Peralta-Valdez was ineligible for safety valve relief from this 5-year mandatory minimum.

In advance of sentencing, defense counsel submitted a memorandum arguing that a sentence of 60 months, the minimum possible in light of Peralta-Valdez's circumstances, would satisfy the goals of sentencing.  See Def. Sent. Mem., ECF No. 13.  At sentencing, counsel again urged a minimum 60-month sentence, portraying Peralta-Valdez as a family man who had hurt his family deeply, and who did not blame anyone else for his own mistakes.  Peralta-Valdez's own remarks continued this theme.  He acknowledged his own mistakes and expressed regret for the damage he had caused his family.  We then sentenced Peralta-Valdez to the minimum possible sentence of 60 months' imprisonment.  See Judg. in a Crim. Case ("Judg.") 2, ECF No. 15.[5]

**DEFENDANT'S MOTION TO VACATE**

Peralta-Valdez now maintains that defense counsel was constitutionally ineffective for failing to seek downward Guidelines departures due to Peralta-Valdez's status as a deportable alien and his willingness to consent to deportation.  See Mot. Under 28 U.S.C. § 2255 to Vacate or Set Aside or Correct Sentence 1, ECF No. 16.  The Government opposed Peralta-Valdez's motion, ECF No. 19, and Peralta-Valdez's time to respond expired on July 29, 2015, see Order, ECF No. 18.  Having reviewed the

---

[5] The Judgment erroneously states that Peralta-Valdez pled to the original charge of conspiracy to distribute at least one kilogram of heroin.  Peralta-Valdez was sentenced correctly for the charge to which he pled, of conspiracy to distribute at least 100 grams of heroin.  We will file a corrected judgment concurrent with this opinion pursuant to Federal Rule of Criminal Procedure 36.

parties' papers, we conclude that Peralta-Valdez's motion is meritless.

First, Peralta-Valdez fails to show that counsel's performance fell below "an objective standard of reasonableness" in light of "prevailing professional norms."  Strickland v. Washington, 466 U.S. 668, 688 (1984).  The record shows that counsel's negotiations with the Government and presentation to the Court resulted in a sentence that is five years shorter than the mandatory minimum that Peralta-Valdez initially faced.  Viewed as a whole, there was nothing unreasonable about counsel's performance or the result he obtained for his client.

Second, the Guidelines do not expressly provide for a downward departure based on a defendant's deportability or willingness to be deported.  See generally U.S. Sentencing Guidelines Manual ch. 5, pt. K; cf. Sentencing Guidelines for Federal Courts, 75 Fed. Reg. 54,699, 54,700 (Sept. 8, 2010) (listing consideration of such a departure as a Sentencing Commission priority for 2010–11).  Counsel appropriately directed his deportability argument towards the statutory sentencing factors, and we relied on defendant's deportability in imposing a sentence below defendant's Guidelines range.  See Def. Sent. Mem. 5; Judg., Statement of Reasons at VI.D. (not publicly filed) ("When combined with deportation and supervised release, sentence adequately protects the public.").

4

Third, it would have been incompetent for counsel to argue for a "deportability" departure at sentencing. Peralta-Valdez had stipulated to a particular Guidelines analysis that did not include any such departure. Therefore, any argument for such a departure would have constituted a breach of Peralta-Valdez's plea agreement and would have risked prosecution for the original one-kilogram charge.

Fourth, regardless of counsel's performance, it would have been impossible for counsel to obtain a better result at sentencing. Based on Peralta-Valdez's guilty plea[6] and criminal history, 60 months was the lowest possible sentence that counsel could have obtained. Therefore, counsel's performance at sentencing, even it had been defective, could not have affected the outcome for Peralta-Valdez. See Strickland, 466 U.S. at 692.

## DEFENDANT'S MOTION FOR RESENTENCING

Peralta-Valdez has also moved for resentencing pursuant to Amendment 782 of the United States Sentencing Guidelines, which reduced most drug-related offense levels by two levels. Peralta-Valdez is ineligible for resentencing for several reasons. First, Amendment 782 does not alter the statutory minimum sentence of 60 months, so we may not reduce Peralta-Valdez's sentence below his existing sentence of 60 months. Second, Peralta-Valdez was

---

[6] Peralta-Valdez does not assert that counsel was ineffective at the plea-bargaining stage of his case, and we see no defect in counsel's performance in negotiating a plea agreement or at the change-of-plea hearing.

5

sentenced after Amendment 782 took effect, and our calculation of his Guidelines range as 78-97 months properly took Amendment 782 into account.  Third, Amendment 782 does not allow a defendant to be resentenced to a term below the bottom of his post-Amendment Guidelines range, in this case, 78 months.  Since Peralta-Valdez's sentence is already below 78 months, he would not be eligible for resentencing even if he had been sentenced before Amendment 782 was effective.

Because Peralta-Valdez's motion for resentencing is plainly meritless, we also deny his request for court-appointed counsel.

## CONCLUSION

Peralta-Valdez is not in prison for five years because his counsel failed him or because his Guidelines range was higher then than it is now.  Peralta-Valdez is in prison for five years because, as he rightly acknowledged at his plea and at sentencing, he foolishly chose to "put together a seller of heroin and a buyer of heroin [in exchange] for a certain amount of money," Plea Tr. 14:5-9, and did so less than a decade after being convicted of another federal felony.  Peralta-Valdez would do well to accept that he, and only he, is to blame for his five-year prison sentence, and to direct his energies towards preparing for release into civil society.

For the foregoing reasons, Peralta-Valdez's motions (No. 14-cr-21, ECF Nos. 16, 20) are denied.  The Clerk is directed to close

the civil case and enter judgment.  As Peralta-Valdez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue as to his motion to vacate.  See 28 U.S.C. § 2253.  Pursuant to 28 U.S.C. § 1915(a)(3), it is hereby certified that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**IT IS SO ORDERED.**

Dated:   New York, New York
         August 19, 2015

николаи
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of this Memorandum and Order have been mailed on this date to the following:

### *Criminal Defendant:*
Hector Rodriguez 25222-038
CI MOSHANNON VALLEY
555 Geo Dr.
Philipsburg, PA 16866

### *Counsel of Record for Criminal Defendant:*
Steven Frankel, Esq.
325 Broadway, Suite 502
New York, NY 10007

### *Counsel for the Government:*
Damian Williams, Esq.
U.S. Attorney's Office
1 St. Andrew's Plaza
New York, NY 10007